# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ROHAN GREEN, § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. 1:25-cv-00619-ADA-SH |
| § | |
| STEPHANIE ROBERTS, § | |
| *Defendant* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT**
   **UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiff's Complaint (Dkt. 1) and Motion for Appointment of Counsel (Dkt. 3), both filed April 25, 2025. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for Cases Assigned to Judge Albright. Dkt. 4.

### I.   Analysis

Plaintiff Rohan Green, proceeding *pro se*, brings this suit against his probation officer, Stephanie Roberts of the United States Probation Office for the Western District of Texas, after she asked him to "to redo a course" that he alleges he has already completed. Dkt. 1 at 4. Green asks the Court to change his probation officer but fails to identify the federal statute he relies on to invoke this Court's subject matter jurisdiction. *Id.* at 5. Green also moved for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(1).

On May 14, 2025, this Magistrate Judge granted Green *in forma pauperis* status after determining that Green could not pay the filing fee without experiencing undue financial hardship. Because Green was granted leave to proceed *in forma pauperis*, the Court was required by standing

1

order to review his Complaint under § 1915(e)(2) for frivolousness. To determine whether the Court had jurisdiction over this suit, the Court ordered Green to file a more definite statement by May 30, 2025, answering the following questions:

(1) What federal statute are you relying on and what specific claims are you alleging?

(2) Explain the details of your criminal conviction and sentence (the criminal case number; the court/jurisdiction in which you were convicted; a copy of the final judgment; and the details of your sentence and probation).

(3) Have you exhausted your administrative remedies? If so, provide documentation.

Dkt. 5 at 3. The Court also warned Green that "[f]ailure to fully comply with this Order by the deadline may result in the Court's recommendation that this case be dismissed for failure to prosecute and failure to comply with a court order." *Id.* Green has not responded.

A district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any order of court under Federal Rule of Civil Procedure 41(b). *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Because Green failed to abide by a Court Order and to prosecute his case by filing a more definite statement, the Court recommends that the case be dismissed.

## II.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** all pending motions as moot and **DISMISS** this case without prejudice under Rule 41(b).

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

### III.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 9, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE